**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK RUBENSTEIN,<br><br>       Plaintiff,<br><br>       v.<br><br>KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.,<br><br>       Nominal Defendant,<br><br>       - and -<br><br>JERRY C. MOYES and VICKIE MOYES,<br><br>       Defendants. | 1:19-cv-7802-KPF |

**JOINT STIPULATION AND**
**CONFIDENTIALITY AND PROTECTIVE ORDER**

   This matter comes before the Court by the stipulation of Plaintiff Mark Rubenstein and ("Plaintiff") and Defendants, Jerry C. Moyes and Vickie Moyes (collectively, "Defendants") (and together with Plaintiff, the "Parties"), for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either Party or their respective counsel, or by any non-party, in the course of discovery in this matter to the extent set forth below (the "Stipulation"). Having found that the Parties, by, between, and among their respective counsel, have stipulated and agreed to the terms set forth herein, and good cause having been shown,

IT IS ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties agree merit confidential treatment. This Stipulation shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, electronically stored information ("ESI") and any other information or material produced, given or exchanged by and among the Parties and any non-parties to the above-captioned action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

2. Either Party may designate Discovery Material it produces in connection with this Litigation as "Confidential" either by notation on the document, statement on the record of the deposition, written notice to counsel for the Parties hereto, or by other appropriate means. In the case of documents produced in native, electronic form, the confidentiality can be designated on the placeholder sheet produced along with that document, or in a confidentiality metadata field.

3. As used herein:

    (a) "Confidential Information" or "Protected Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "Confidential," that the Producing Party (as defined below) reasonably and in good faith believes constitutes and/or contains current trade secrets or other non-public research, development, financial, or commercial information requiring the protections provided in this Stipulation.

    (b) "Producing Party" shall mean the Party to this Litigation and/or any non-party

producing Protected Information in connection with discovery in this Litigation, or the Party asserting the confidentiality designation, as the case may be.

(c) "Receiving Party" shall mean the Party to this Litigation and/or any non-party receiving Protected Information in connection with discovery in this Litigation.

4. ESI designated as "Confidential" shall be so designated by including a "Confidential" notice in the body of the electronic document or by affixing a stamp with such notice to the medium (including, but not limited to, tapes, CDs, DVDs, and flash drives) on which the ESI is stored before copies are delivered to a Receiving Party. Printouts of any such ESI designated as Confidential Discovery Material shall be treated in accordance with the terms of this Stipulation and Order. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the Disclosing Party shall use reasonable means to designate "Confidential" by (a) producing a placeholder image corresponding to the Natively Produced ESI that includes a "Confidential" mark; and (b) including "Confidential" as appropriate, on the label of the media or in the transmittal e- mail containing the Natively Produced ESI.

5. The designation of any Discovery Material as "Confidential" is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Discovery Material as "Confidential." The Parties shall meet and confer in good faith regarding any

such disagreement over the classification of Discovery Material and if the Producing Party does not agree to change the designation of such Discovery Material, the Receiving Party may move the Court for an order removing the designation of such Discovery Material as Protected Information. Upon such a motion, the Producing Party shall bear the burden to prove that the Discovery Material in question is Protected Information. If such a motion is filed, the Discovery Material shall be deemed Protected Information, with the same confidentiality designation as asserted by the Producing Party, unless and until the Court rules otherwise.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

   (a) counsel for the Parties to this Litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder;

   (b) expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of this Litigation, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision, provided, however, that such Confidential Information is furnished, shown or disclosed to them in accordance with Paragraph 7 hereof;

(c) third-party vendors or consultants retained by the Parties or their counsel to furnish technical services in connection with this Litigation and who have been advised of their obligations hereunder;

(d) the Court and court personnel, if filed in accordance with Paragraph 13 hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with Paragraph 11 hereof;

(f) trial and deposition witnesses, if furnished, shown, or disclosed in accordance with Paragraphs 10 and 11, respectively, hereof;

(g) The Parties and personnel of the Parties actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein and who have been advised of their obligations hereunder;

(h) former personnel of the Parties actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein provided, however, that such Confidential Information is furnished, shown, or disclosed to them in accordance with Paragraph 7 hereof;

(i) any mediator or arbitrator engaged by the Parties to this Litigation;

(j) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; and

(k) any other person agreed to by the Parties.

7. Before any disclosure of Protected Information is made pursuant to Paragraphs 6(b) or 6(h), hereof, counsel for the Receiving Party shall obtain from the intended recipient of the Protected Information such person's written undertaking, in the form of Exhibit A attached

hereto, to comply with and be bound by its terms.

8. Protected Information shall be utilized by the Receiving Party only for purposes of this Litigation, and for no other purposes.

9. All depositions shall presumptively be treated as Confidential Information subject to this Stipulation during the deposition for ten (10) days after the final transcript of said deposition is received by counsel for each of the Parties, unless otherwise specified in writing or on the record. At or before the end of such ten (10) day period, the deposition, or pages thereof, may be designated for future purposes as Confidential Information by any Party or, where applicable, by the non-party providing the deposition testimony.

10. Should the need arise for any of the Parties to disclose Protected Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Protected Information.

11. This Stipulation shall not preclude counsel for the Parties from using Protected Information during any deposition in this Litigation, provided that prior to any such use, the Party intending to use Protected Information shall: (a) provide a copy of this Stipulation to the witness, and others to whom disclosure is intended to be made; (b) explain the Stipulation to said persons and/or cause them to read the Stipulation; and (c) request that said persons execute the undertaking attached hereto as Exhibit A, if such persons are not covered by Paragraphs 7 and 8 of this Stipulation.  Should any said person refuse to execute the undertaking, counsel for the Parties may still use the Protected Information during the deposition and the Parties agree that the use of such Protected Information during the deposition shall not negate its treatment as Protected Information pursuant to this

      Stipulation.

12. A Party may designate as Confidential Information any Discovery Material produced or given by any non-party to this case, or any portion thereof. In the case of documents, such designation shall be made by notifying all counsel, in writing, of those documents that are to be stamped and treated as Confidential Information at any time up to ten (10) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. Prior to the expiration of such ten (10) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. In the case of testimony, designation shall be made by notifying all counsel, in writing, of those portions of a transcript which are to be stamped or otherwise treated as Confidential Information at any time up to ten (10) days after the final transcript is received by counsel for the Party asserting the confidentiality designation.

13. As to the filing of Discovery Material that has previously been designated as comprising or containing Protected Information:

    (a) Any Receiving Party who seeks to file with the Court any Discovery Material that has previously been designated by any Producing Party as comprising or containing Protected Information, and any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Protected Information, shall either (a) obtain the Producing Party's permission to remove the confidentiality designation for the Protected Information, or (b) seek leave of the Court to file the Protected Information under seal, with such request containing proposed redactions as required pursuant to the Individual Practices of this Court.

  (b) All pleadings, briefs, or memoranda which reproduce, paraphrase, or disclose any documents which have previously been designated by a Party as comprising or containing Protected Information, shall identify such documents by the production number ascribed to them at the time of production.

14. Any person receiving Protected Information shall not reveal or discuss such information with any person not entitled to receive such information under the terms hereof.

15. Any Discovery Material that may contain Protected Information that has been inadvertently produced without identification as to its protected nature as provided in Paragraphs 2 and/or 12 of this Stipulation, may be so designated by the Party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the Discovery Material as "Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

16. Extracts and summaries of Protected Information shall also be treated as Confidential in accordance with the provisions of this Stipulation.

17. The inadvertent production or disclosure of Protected Information when followed by notice as provided by Paragraph 15, shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Litigation or in any other action.

18. A Producing Party's inadvertent disclosure in connection with this Litigation of one or more documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the common interest

privilege, the work product doctrine, the bank examination privilege, or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity. If a Receiving Party receives materials that appear to be subject to an attorney-client privilege, the common interest privilege, the work product doctrine, the bank examination privilege, or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further use or examination of the materials that may be privileged, and shall immediately notify the Producing Party, in writing, that he or she possesses material that appears to be privileged. In the event a Producing Party discovers it has inadvertently disclosed Privileged Documents, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return or destruction of the Privileged Documents. Upon such notice, the Receiving Party shall make no further use or examination of the Privileged Documents and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and, within ten (l0) days of receiving such notice of inadvertent production of Privileged Documents, the Receiving Party shall destroy or return all original documents identified by the Producing Party in such notice (whether electronic or hard copy), shall destroy or delete any and all copies (whether electronic or hard copy), and shall expunge from any other document, information or material derived from the inadvertently produced Privileged Documents. To the extent the Receiving Party provided any disclosed Privileged Documents to any other person or non-party, the Receiving Party shall promptly make reasonable efforts to retrieve and destroy such Privileged Documents and notify the Producing Party that it has done so.

19. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information it has received from a Producing Party to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly, after discovery of the disclosure, (a) notify the relevant Producing Party of the unauthorized disclosure(s) in writing, (b) make reasonable efforts to retrieve all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Stipulation, and (d) request the Unauthorized Recipient(s) to execute the undertaking attached hereto as Exhibit A.

20. The Parties agree that they may not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation by either Party and agree that, under such circumstances, the Parties may be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

21. The provisions of this Stipulation shall be binding upon the Parties. All modifications of, waivers of and amendments to this Stipulation must be in writing and signed by, or on behalf of, the Parties.

22. This Stipulation is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

23. This Stipulation may be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to

different or additional protection for any particular material or information.

24. This Stipulation has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Protected Information that has been generated or obtained lawfully by such Party independently of the proceedings in this Litigation.

25. In the event that additional Parties join or are joined in this Litigation, they shall not have access to Protected Information until the newly joined Party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation.

26. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

27. If any Receiving Party is subpoenaed in any other action or proceeding, is served with a document demand or is otherwise compelled by law to produce documents (collectively, a "Demand"), and such Demand seeks Discovery Material that was produced or designated as Protected Information, or that reflects or contains Protected Information, by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic or facsimile transmission, within ten (10) business days of receipt of such Demand, to the Party or its counsel who produced or designated the material as Protected Information. The Receiving Party shall not produce any of the Producing Party's Protected Information, unless court-ordered or otherwise required by law, for a period of at least ten (10) days after providing the required notice to the Producing Party. If, within ten (10) days of receiving such notice, the Producing Party gives notice to the Receiving

Party that the Producing Party opposes production of its Protected Information, the Receiving Party shall respond by citing this Stipulation, and not thereafter produce such Protected Information, except as required by law. The Producing Party shall be solely responsible for pursuing any objection to the requested production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Protected Information covered by this Stipulation, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. In the event that Protected Information is produced to a non-party to this Stipulation in response to a Demand, such Discovery Material shall continue to be treated in accordance with the designation as Confidential by the Parties to this Stipulation.

28. To the extent a Receiving Party is required to disclose Protected Information produced in the Litigation, without a subpoena or other form of legal process, by a regulatory or supervisory agency exercising its visitorial powers pursuant to 12 U.S.C. § 484 and/or 12 C.F.R. § 7.4000 ("Regulatory Demand") and compliance with the Regulatory Demand renders the Party unable to comply with Paragraph 28 hereof, the Party may comply with the Regulatory Demand and shall give prompt written notice by hand or electronic or facsimile transmission as soon as is practicable following receipt of the Regulatory Demand and no later than the time at which the Party produces the Receiving Party's Protected Information in response to the Regulatory Demand.

29. Nothing herein shall prevent any Receiving Party from disclosing Protected Information (a) to the extent necessary to report to appropriate taxing authorities, or to the accountants or independent public auditors of the Receiving Party in confidence, as and only to the

      extent required to perform auditing or tax accounting work; and (b) to the extent necessary for purposes of financial reporting, including SEC and regulatory filings, and other regulatory requests.

30. For the avoidance of doubt, nothing herein shall preclude counsel from giving advice to his or her client in this Litigation that includes a general evaluation of Protected Information, provided that counsel shall not disclose the contents of any Protected Information in violation of the terms of this Stipulation.

31. Any Party, in conducting discovery from non-parties in connection with the Litigation, must provide any non-party from which it seeks discovery with a copy of this Order so as to inform each such non-party of his, her or its rights herein. If a non-party provides discovery to any Party in connection with the Litigation, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under the Order as held by the Parties. For the avoidance of doubt, non-parties may designate Discovery Material as Confidential Information pursuant to Paragraphs 3(a) and 3(b) as set forth herein.

32. This Stipulation shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal and never unsealed); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

33. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed

in the course of disclosure.

34. Within one hundred eighty (180) days after the final termination of this Litigation by settlement (including, to the extent applicable, final court approval of such settlement) or exhaustion of all appeals, all Protected Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party, which option shall be communicated in writing to the Receiving Party promptly.  In the event that any Producing Party opts for destruction of its Protected Information, the Receiving Party shall certify, in writing, within one hundred eighty (180) days of the final termination of this Litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. These best efforts need not include destroying Protected Information residing on back-up tapes or other disaster recovery systems. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of documents constituting work product, reports, pleadings, motion papers, discovery responses, deposition and trial transcripts, and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters. For the avoidance of doubt, experts, third-party vendors, and consultants who have received Protected Information shall also be required to return or destroy such Protected Information pursuant to the terms of this paragraph.

35. All Discovery Material shall be used solely for the purpose of conducting this Litigation and not for any other purpose whatsoever.

36. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this Litigation.

37. During the pendency of this Litigation, the Court shall retain jurisdiction over this Order, and persons who receive Discovery Material that has been designated "Confidential" shall be subject to this Order, including any proceedings relating to their performance under, or compliance with, this Order.

Dated: January 10, 2022	BERGESON LLP

By:    /s/ Lloyd Winawer
         Lloyd Winawer

Attorneys for Defendants JERRY C. MOYES and VICKIE MOYES

Dated: January 10, 2022	MIRIAM TAUBER LAW PLLC

By:                         
         Miriam Tauber

Attorneys for Plaintiff  MARK RUBENSTEIN

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated:   January 10, 2022
         New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE